UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |  |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 23 Civ. 907 (AS) |
| v. | ) ) ) | |
| NATIONAL SECURITY AGENCY, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, CENTRAL INTELLIGENCE AGENCY, and DEPARTMENT OF JUSTICE, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

---

## STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL

WHEREAS, on December 22, 2022, plaintiffs American Civil Liberties Union and

American Civil Liberties Union Foundation (together, "Plaintiffs") made substantively identical

requests (the "Requests") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552,

to the following federal agencies: Office of the Director of National Intelligence ("ODNI"),

National Security Agency ("NSA"), Central Intelligence Agency ("CIA"), and the United States

Department of Justice ("DOJ," and together with the other defendant agencies, the

"Defendants"); and

WHEREAS, the Requests sought disclosure of recent Foreign Intelligence Surveillance

Court ("FISC") opinions concerning the government's surveillance activities, including those

conducted pursuant to Section 702 of the Foreign Intelligence Surveillance Act; and

1

WHEREAS, on February 3, 2023, Plaintiffs filed this action challenging what they contended was the Defendants' inadequate response to the Requests; and

WHEREAS, the Defendants thereafter conducted searches and processed potentially responsive records; and

WHEREAS, following the parties' discussions of the Defendants' responses and certain additional searches and processing, the parties have resolved all issues related to search or processing in this matter, and the parties agree that the only outstanding issue in this case is Plaintiffs' claim for attorneys' fees and costs; and

WHEREAS the parties wish to resolve Plaintiffs' claim for attorneys' fees and costs consensually and dispose of this matter without further litigation,

NOW, THEREFORE, it is hereby STIPULATED and AGREED between the parties as follows:

1.      Pursuant to 5 U.S.C. § 552(a)(4)(E), as soon as reasonably practicable after the Court has endorsed and docketed this Stipulation and Order, Defendants shall pay to Plaintiffs the sum of nine thousand, five hundred dollars ($9,500) for attorneys' fees and litigation costs. This payment shall constitute full and final satisfaction of any claims by Plaintiffs for attorneys' fees and litigation costs in this matter, and is inclusive of any interest. Payment shall be made by electronic funds transfers, and counsel for Plaintiffs will provide the necessary information to counsel for the Defendants to effectuate the transfers. Defendants shall make their best effort to make payment to Plaintiffs within 90 days following the dismissal of this Action.

2.      Plaintiffs release and discharge the Defendants and the United States of America, including its agencies, departments, officers, employees, servants, and agents, from any and all

claims that Plaintiffs asserted, or could have asserted at the time this action was filed, in this litigation arising out of Plaintiffs' Requests.

3.      This action is accordingly dismissed with prejudice and without costs or fees other than as provided in paragraph 1 of this Stipulation and Order, provided that the Court shall retain jurisdiction over any issues that might arise relating to the enforcement of this Stipulation and Order.

4.      Nothing in this Stipulation and Order shall constitute an admission that the Defendants are liable for any attorneys' fees or litigation costs, or that Plaintiffs "substantially prevailed" in this action under 5 U.S.C. § 552(a)(4)(E), or are entitled to or eligible for any attorneys' fees or litigation costs. Nor is anything in this Stipulation and Order an admission that the amount here agreed upon covers all of the time that could, in Plaintiffs' view, be compensable as attorneys' fees and litigation costs in this action. Rather, this Stipulation and Order is entered into by the parties solely for the purpose of resolving a disputed claim in this case and avoiding the expenses and risks of further litigation concerning Plaintiffs' claim for attorneys' fees and litigation costs. Except as provided for in paragraph 2 above, this Stipulation and Order is non-precedential with respect to any other proceeding involving the parties, including, but not limited to, any other FOIA action or administrative proceeding, and shall have no effect or bearing on any pending or future request for records made by Plaintiffs under FOIA.

5.      Nothing in this Stipulation and Order shall constitute an admission by Plaintiffs or their counsel that Defendants' searches were adequate or their withholdings were proper under FOIA.

6.      This Stipulation and Order contains the entire agreement between the parties, and

no statement, representation, promise, or agreement, oral or otherwise, between the parties or

their counsel that is not included herein shall have any force or effect.

7.      This Stipulation and Order may be executed in counterparts. Facsimile or pdf

signatures shall constitute originals.

Date:   New York, New York
        April 11, 2024

Patrick Toomey
Sara Robinson
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500
ptoomey@aclu.org

*Attorneys for Plaintiffs*

Date:   New York, New York
        April 11, 2024

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: PETER ARONOFF

Assistant U.S. Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2697
Fax: (212) 637-2717
Email: peter.aronoff@usdoj.gov

*Attorney for Defendants*

SO ORDERED:

_____
HON. ARUN SUBRAMANIAN
UNITED STATES DISTRICT JUDGE

Because this stipulation does not require the Court to oversee the
enforcement of any prospective relief or find that Plaintiff
"substantially prevailed" under 5 U.S.C. § 552(a)(4)(E), the Court
construes this stipulation simply as a binding agreement plus a
dismissal under Rule 41(a)(1)(A)(ii), which requires no Court
endorsement. The Clerk of Court is directed to close this case.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: April 15, 2024

4